**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-1772-RM-CBS

PATRICK G. WADE,

      Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, a corporation,

      Defendant.

---

**ORDER ON (1) MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT
AND FOR NEW TRIAL, AND (2) MOTION TO REVIEW
RULE 54(D) TAXED BILL OF COSTS**

---

      This matter is before the Court on two motions by Plaintiff: (1) Motion for Judgment Notwithstanding the Verdict and For New Trial Pursuant to F.R.C.P. Rule 59 (the "Motion") (ECF No. 93); and (2) Motion to Review Rule 54(D) Taxed Bill of Costs (the "Review Motion") (ECF No. 101). This suit arose out of Plaintiff Patrick Wade's claim of injury resulting from an incident in February 2012, wherein Plaintiff's railroad-issued winter overshoes allegedly caught in the grating of a step on Defendant Union Pacific Railroad Company's locomotive. Under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq*., railroads are liable if carrier negligence played any part in producing the injury. This case was tried to a jury of eight, which on December 9, 2013 returned a verdict in favor of Defendant. The Motion requests that the Court issue an order granting Plaintiff judgment notwithstanding the verdict on the issue of Defendant's negligence under FELA. The Motion also requests that the Court grant a new trial on all remaining issues or, alternatively, on all issues including negligence. The Review Motion

challenges taxing for costs with respect to a demonstrative exhibit used at trial. As set forth below, the Motion and the Review Motion are DENIED.

**I.      Legal Standard for the Motion**

Fed. R. Civ. P. 50(b) governs post-trial motions for judgment as a matter of law. The Rule speaks in terms of "renewing" a motion previously made at trial and provides that post trial, "the movant may file a renewed motion for judgment as a matter of law and may include an alternative…request for a new trial under Rule 59." Fed. R. Civ. P. 59 governs the granting of a new trial, and provides that the Court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."

A new trial may be granted if the district court concludes that the "claimed error substantially and adversely" affected the party's rights. *Sanjuan v. IBP, Inc.,* 160 F.3d 1291, 1297 (10th Cir. 1998). After a jury trial, a new trial may only be granted if the court "concludes that the jury's verdict was so against the weight of the evidence as to be unsupportable." *Bangert Bros. Const. Co., Inc. v. Kiewit W. Co.*, 310 F.3d 1278, 1299 (10th Cir. 2002) (citing *Skinner v. Total Petroleum, Inc.*, 859 F.2d 1439, 1442–43 (10th Cir. 1988)).

However, "[t]he Seventh Amendment protects a party's right to a jury trial by ensuring that factual determinations made by a jury are not thereafter set aside by the court, except as permitted under common law.... Thus, under the Seventh Amendment, the court may not substitute its judgment of the facts for that of the jury." *Ag Services of America, Inc. v. Nielsen*, 231 F.3d 726, 730–31 (10th Cir. 2000), *cert. denied*, 532 U.S. 1021, 121 S.Ct. 1961, 149 L.Ed.2d 757 (2001).

**II.     Analysis**

*A.  Procedural Requirements*

Before turning to the merits of the motion at issue, the Court will address a point raised in Defendant's briefing—that because Plaintiff failed to move for directed verdict on the issue of Union Pacific's negligence, he has not met the procedural requirements for a judgment notwithstanding the verdict on that issue.

A pre-verdict Rule 50(a) motion is generally a prerequisite to a post-verdict motion filed under Rule 50(b). *Dawson v. Johnson,* 266 Fed.Appx. 713, 718 (10th Cir. 2008). However, Rule 50(b) is construed liberally, *Anderson v. United Telephone Co. of Kansas,* 933 F.2d 1500, 1503 (10th Cir.1991), and the Court "may excuse technical non-compliance when the purposes of the rule are satisfied." *Scottish Heritable Trust, PLC v. Peat Marwick Main & Co.,* 81 F.3d 606, 610 (5th Cir.1996); *see also E.E.O.C. v. W. Trading Co., Inc.*, 291 F.R.D. 615, 619 (D. Colo. 2013) (citing cases).

The Court finds that despite the technical non-compliance, Plaintiff raised the issues presented in the Motion sufficiently at trial to put Defendant on notice of the alleged errors, which serves the purpose of the provisions of Rule 50(a) and (b). *See, e.g.*, *Marshall v. Columbia Lea Reg'l Hosp.*, 474 F.3d 733, 739 (10th Cir. 2007). Moreover, Defendant addressed the negligence issue—including the testimony regarding the LaCrosse boot "hanging up on stairs"—in its evidentiary presentation such that it lost no opportunity at trial to address the claims raised in the Motion. The Court will thus address the Motion on its merits.

*B.  The Evidence of Negligence- Judgment As A Matter of Law*

Plaintiff argues that "there was ample evidence that…Defendant had actual knowledge of a risk…to its employees created by wearing the Lacrosse anti-slip footwear which Defendant

3

knew or should have known could 'hang up' or catch while descending vertical locomotive steps.  Once possessed with this knowledge, Defendant was required to take some affirmative action to correct the condition and failing to do so constitutes evidence of negligence under the FELA." (ECF No. 93 at 6.)  According to Plaintiff, it was unreasonable for the jury to conclude that there was no negligence given both (1) the evidence of safety complaints about the LaCrosse footwear, and (2) the "undisputed evidence" at trial that Defendant decided in February 2012 to make the previously discretionary LaCrosse footwear mandatory for certain employees.  Based upon this evidence, Plaintiff argues that the Court should now grant him judgment notwithstanding the verdict and/or a new trial.

The Court disagrees.  Plaintiff's characterization sterilizes the evidence and removes credibility determinations from the jury's decision.  While true that there was testimony by some railroad employees about "hanging up" complaints, there was also testimony from railroad management that known complaints were limited to issues of the weight of the boot, difficulty of removal and similar matters.  Expert testimony, if accepted, cast doubt on whether the boot could, indeed, "hang up" on locomotive steps.  And the jury was provided with an exemplar boot and an exemplar step[1] which it could examine closely.  The jury could have reached the decision that the LaCrosse boot did not and could not "hang up" in the manner contended and discounted the limited testimony about purported "hang up" complaints based on the witnesses' closeness to Mr. Wade, union affiliation, or simply on their manner and appearance while testifying.  The Court will not substitute its judgment for that of the jury's.  There was evidence to support the jury's verdict.  Nothing in Plaintiff's briefing or in the trial convinces the Court that the jury's verdict was unreasonable as a matter of law, and I will not overturn the jury's verdict.

---

[1] This exemplar step is different from the demonstrative exhibit which is the subject of the Review Motion.

4

*C. Prior Slip, Trip and Fall Claims Evidence*

At trial, Defendant presented summary evidence of hundreds of prior slip, trip and fall claims reported by employees of Defendant before and after the introduction of the LaCrosse boot.  Plaintiff objected to the introduction of that evidence.  Plaintiff argues that the Court committed prejudicial error by ruling that the prior slip, trip and fall evidence was relevant, and when it declined to apply the "substantial similarity" test outlined in *Ponder v. Warren Tool Corp*, 834 F.2d 1553, 1555 (10th Cir. 1987).

In *Ponder*, the Tenth Circuit upheld a "conservative" ruling by a Kansas district court judge refusing to admit evidence of prior accidents because the party had failed to prove the cases were substantially similar.  *Id*.  The ruling, made in the context of a products liability case, said that "admission of evidence regarding prior accidents or complaints is predicated upon a showing that the circumstances surrounding them were substantially similar to those involved in the present case." *Id*. at 1560 (internal quotations omitted).  In *Pandit v. American Honda Motor Co.*, also cited by Plaintiff, the Tenth Circuit made clear that its prior holding in Ponder applied to products liability cases: "We have held that evidence of similar accidents is admissible in a products liability case if the proponent provides a proper predicate." 82 F.3d 376 (10th Cir. 1996).

This is not a products liability case where a defect or lack of defect was at issue.  Indeed, there was no claim that the LaCrosse boot was defective in either design or manufacture.[2]  Nor was this a case of "malfunction" outside of the products liability arena as in *Robinson v. Missouri Pacific R. Co.*, 16 F.3d 1083 (10th Cir. 1994) (defect in operation of railroad switch).

---

[2] As Defendant's briefing noted, Plaintiff did not raise defective design as an issue, and in fact in closing argument, made it explicit that that the "LaCrosse anti-slip boot is a great piece of equipment…We have no issue with that piece of equipment." (ECF No. 97-2 at 2:13-21.)

As such, it is not automatic that the substantial similarity test applies—particularly given the matters at issue in this trial.

The LaCrosse boot is an overboot—that is, it is worn over existing footwear in the manner of the old rubber snow boots of the 1960s. It has anti-slip components, consisting of small spikes or cleats housed within rubber nubs on the bottom. There was no contention that these boots contained any design or manufacturing defects or that they "malfunctioned." Instead, the allegation of negligence in this case was that the employee, the wearer of the boot, should have had the option or right to choose which form of anti-slip footwear to use—the LaCrosse boot or other Union Pacific approved anti-slip footwear (also containing spikes or cleats) which was smaller, lighter and tended to be held in place against the sole of ordinary footwear simply by straps at the toe and heel. There was no contention that use of the LaCrosse boot should be prohibited in certain settings—such as ascending or descending locomotive steps. The negligence claim centered on the removal of footwear choice when snow or ice was present, even though given a choice an employee might still have decided to wear LaCrosse boots while descending locomotive steps.

In this context, the evidence was relevant, and the testimony established why Union Pacific sought out what it perceived to be better anti-slip footwear. And, as the rates of slips, trips and falls seemingly dropped around the timeframe the LaCrosse footwear was introduced, the LaCrosse boot could have been perceived as enhancing the safety of the workplace. And Superintendent Jay Everett, the individual who "removed choice" and mandated the use of the LaCrosse boots in the Denver region when snow or ice was present, testified that he relied on this data in making his decision and even referenced this data in discussions with union officials

explaining his directive. The jury was thus allowed to consider this evidence on the issue of negligence—whether the directive was "negligent."

As for undue prejudice, Plaintiff's suggestion of prejudice sufficient to overcome relevance is unconvincing. Much of the matters referenced—the different types of slips, trips and falls, or the lack of clear correlation between use of the LaCrosse boots and the rate decrease—are neither difficult nor confusing and were matters as to which Plaintiff could and did cross examine and/or argue to the jury. As to other prejudice, it is more assumed than established. Relying on substantial similarity case law, Plaintiff seems to presume that undue prejudice must exist whenever accident data evidence is introduced in a trial because case law requires substantial similarity in *some* contexts—particularly in the products liability arena, where the existence or non-existence of defects are at issue. But such a presumption paints with too broad a brush in that it ignores the differing contexts in which such accident evidence may be offered.

In this case, the Court performed the Rule 403 balancing and concluded that the challenged evidence was admissible. Nothing in the Motion changes the Court's view as to the propriety of that decision.

*D. Prejudice to Plaintiff as a Result of Improper Communication with Witness*

In seeking a new trial, Plaintiff also raises the issue that Defendant improperly conferred with their expert witness in the midst of his testimony at trial, during the lunch break. Plaintiff argues that "because Mr. Broker was retained to present a defense on the issue of liability, and since the jury found no liability in this case, Plaintiff was most probably substantially prejudiced as a result of Defendant's violation justifying the granting of a new trial on this issue as well." (ECF No. 93 at 16.) When a witness violates a sequestration order, it is within the district court's

discretion to admit or exclude the witness's testimony. *Burks v. Oklahoma Pub. Co.*, 81 F.3d 975, 980 (10th Cir. 1996).

This issue was raised and discussed at two different points during the trial—when it first came to the attention of the Court at Plaintiff's initial objection, and again at the conclusion of the presentation of evidence. The Court's opinion remains unchanged. While the Court admonished Defendant's counsel for their behavior at the time, the Court balanced the competing concerns and allowed Plaintiff's counsel to press the issue of improper contact aggressively, both in cross-examination and in closing argument. And counsel did so. The remedy was adequate. No new trial is warranted.

### III.     Motion to Review Rule 54(d) Taxed Bill of Costs

On February 20, 2014, the Clerk of the Court awarded Defendant Union Pacific a total of $27,658.82, including $18,887.41 for the cost of a locomotive engine staircase exhibit, created by Defendant's contractor but utilized by both parties at trial. Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The costs that may be recovered under Rule 54(d)(1) are limited to the expenses enumerated in 28 U.S.C. § 1920, absent some other statutory authorization. *Sorbo v. United Parcel Service*, 432 F.3d 1169, 1179 (10th Cir. 2005). 28 U.S.C. § 1920 explicitly includes "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The parties disagree on whether this category can be read to include demonstrative trial exhibits, such as the staircase exhibit. Plaintiff argues that the award of the costs for the staircase exhibit "is inconsistent with the rule of strict construction of § 1920 established by the *Sorbo* decision of the Tenth Circuit." (ECF No. 101 at 2.)

In a previous case, *Tilton v. Capital Cities/ABC, Inc.*, the Tenth Circuit "reject[ed] a bright-line rule" regarding whether district courts were prohibited from taxing costs for trial exhibits absent pre-trial approval. 115 F.3d 1471, 1476 (1997). Instead, the Tenth Circuit "examine[s] whether the circumstances in a particular case justify an award of costs for trial exhibits." *Id*. Defendant relies on *Tilton* to argue that the Tenth Circuit authorized the taxation of trial exhibits includes examples and models. This Court is not certain that this analysis of *Tilton* is strictly accurate, and it also notes the possible tension between *Tilton* and *Sorbo*. But given that this Court is aware of no cases foreclosing the taxation of demonstrative exhibits, and that § 1920's allowance of fees for exemplification and copies can be read broadly to include demonstrative exhibits, the Court finds that the question of whether the cost of the demonstrative staircase exhibit can be awarded is within its discretion, particularly given the circumstances in this particular case.

On November 1, 2013, approximately one month before trial commenced in this matter, Defendant filed a Motion for Order Approving an Over-Sized Exhibit For Use At Trial (ECF No. 45). The Court granted the Motion, and Plaintiff's counsel lodged no objection, either formally through a written pleading, or informally at the Trial Preparation Conference, which took place on November 8, 2013. The staircase exhibit was explicitly discussed at the Trial Preparation Conference, and the Court asked Plaintiff's counsel if there was "some issue with regard to [the staircase]" and they responded that "No there's no issue Your Honor." Plaintiff's counsel proceeded to ask whether the staircase could be in the courtroom during the entire week of trial, and said that "there may be a need for us to equally use the exhibit in front of the jury." Plaintiff further "concede[s] that this exhibit was utilized by both parties at trial." (ECF No. 101 at 1.) Although the Court acknowledges the high cost of this exhibit, that does not render the

assessment of costs for its use unjustified.  Defendant sought approval for its use by motion before trial, and Plaintiff made no objection, and in fact utilized the exhibit fully during trial. The Court finds that the cost for the staircase was appropriately taxed, and approves in full the Taxed Bill of Costs assessed by the Clerk of this Court.

**IV.    Conclusion**

Based on the foregoing, it is hereby ORDERED:

1. Plaintiff's Motion for Judgment Notwithstanding the Verdict And For New Trial (ECF No. 93) filed January 6, 2014 is DENIED; and

2. Plaintiff's Motion to Review Rule 54(d) Taxed Bill of Costs (ECF No. 101) is DENIED.

DATED this 13th day of May, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge